# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DIANE ZAPATA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-03280-CV-S-BP |
| ) | |
| CHRISTIAN COUNTY, MISSOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT

Pending is a motion for summary judgment by Defendant Christian County, Missouri ("the County"). (Doc. 33.) For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Diane Zapata filed this action after an altercation took place at her home. On October 26, 2015, two County policy officers were dispatched to Plaintiff's residence to investigate a dispute between Plaintiff's husband and a neighbor. (Doc. 1, p. 3, ¶ 10.) After the officers arrived, Plaintiff's husband was accused of assaulting the neighbor. (Doc. 33, p. 2, ¶ 4.) Plaintiff's husband then told Plaintiff that he had a camcorder activated when the dispute between he and the neighbor took place. (*Id.* at ¶ 6.) Plaintiff retrieved the camcorder from her deck and attempted to take the camcorder into her residence to prevent the officers from having access to the camcorder. (*Id.* at p. 3, ¶¶ 9, 12.) As Plaintiff began leaving with the camcorder, one of the officers said "[t]hat's evidence of a crime, Ma'am," followed by "[g]ive me the camera." (*Id.* at ¶¶ 15, 16.) At some point after these statements, Plaintiff claims she was "thrown against the side of her pickup truck." (*Id.* at p. 4, ¶ 17.) Plaintiff subsequently filed this lawsuit, seeking recovery for "multiple surgeries on her

arm[,] . . . extensive physical therapy" and for "weakness, pain, and nerve damage to her arms, neck and back from the incident with [the officers]." (Doc. 1, p. 4, ¶ 17.)

Plaintiff's complaint contains four counts, two of which are relevant to this Order. Count III seeks compensatory damages for the County's violation of Plaintiff's Fourth and Fourteenth Amendment rights. (Doc. 1, p. 7.) Specifically, Count III alleges that the County maintains "policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants," including policies

> (a) To use excessive force when it is not reasonably necessary;
>
> (b) To use excessive force against persons who cannot physically resist an arrest[;]
>
> (c) To continue to use excessive force against a person who is complying with orders given by a deputy.

(*Id.* at p. 8, ¶ 32.) Count IV is brought against all Defendants and seeks attorney fees as provided for in 42 U.S.C. § 1988(b). Plaintiff also alleges generally that the County is "liable for Plaintiff's damages because it failed . . . to train, instruct, supervise, control and discipline the law enforcement officers of [the County] and that said failure was the result of the official policy or the custom and practice of [the County] and . . . that said conduct caused the deprivation of Plaintiff's rights[.]" (*Id.* at p. 2, ¶ 2.)

In its motion for summary judgment, the County argues that Plaintiff has failed to produce evidence demonstrating that the County had in place any policies, customs, practices, or usages which caused the alleged unconstitutional conduct. (Docs. 33, 40.) Plaintiff opposes the motion, arguing that summary judgment is inappropriate at this time. (Doc. 37.) As indicated above, the Court agrees with the County and grants its motion for summary judgment.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only upon a showing that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985).

The Civil Rights Act of 1871 allows individuals to sue local government entities for violations of their civil rights. 42 U.S.C.A. § 1983; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. "To prove the existence of a policy, a plaintiff must point to an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marsh v. Phelps Cty.*, 902 F.3d 745, 752 (8th Cir. 2018) (citing *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir.

2016)).  The policy must also be the "moving force" behind the constitutional violation.  *Id.* (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).  In addition, Government bodies may be sued "for constitutional deprivations . . . pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91.  A § 1983 claim pursuant to governmental "custom" includes practices of state officials that are "so permanent and well settled as to constitute a 'custom or usage' with the force of law."  *Id.* at 691 (citations omitted.)

Courts have also recognized claims challenging an unconstitutional policy or custom based on a theory of inadequate training.  *Marsh*, 902 F.3d at 751; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) ("We hold today that the inadequacy of policy training may serve as the basis for § 1983 liability").  However, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at p. 751, n.5 (quoting *City of Canton*, 489 U.S. at 388.)  "Stated differently, only where a failure to train reflects a deliberate or conscious choice by a government entity – a policy as defined by our prior cases – can a city be liable for such a failure under § 1983."  *Id.* (cleaned up.)

Plaintiff's claims rely on a theory of inadequate training.  Specifically, Plaintiff alleges that the County "failed to receive adequate training in the methodology of use of force in the acquisition of alleged evidence."  (Doc. 37, p. 5.)  Plaintiff's only support for this claim are paragraphs two and thirty-one of her Complaint, which generally allege that the County failed to properly train its officers as a result of an official County policy or custom.  (*See* Doc. 1, p. 8, ¶ 32; p. 2, ¶ 2.)  Aside

4

from the Complaint, Plaintiff points to no evidence supporting her claim.[1] (*See* Doc. 37, pp. 4–5.) "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate [her] allegations with sufficient probative evidence that would permit a finding in [her] favor, without resort to speculation, conjecture, or fantasy. In sum, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790 (8th Cir. 2009) (cleaned up) (citing *Anderson*, 477 U.S. at 248). Plaintiff's bare allegations do not demonstrate that a jury could return a verdict in her favor. Plaintiff has offered no evidence to substantiate her claim that the County inadequately trains its officers or that the alleged failure to train was a deliberate or conscious choice by the County. In fact, Plaintiff admits that she has "no evidence of any purported Christian County governmental policies or customs authorizing" use of excessive force. (*See* Doc. 33, p. 4, ¶ 21; *see also* Doc. 37, p. 3, ¶ 21.) Thus, the Court finds that no genuine issues of material fact exist and summary judgment is appropriate.

Plaintiff also contends that "Defendant has not provided any evidence of undisputed material facts which support the argument that there are no material facts at issue[.]" (Doc. 37, p. 5.) However, "[t]he moving party is entitled to a judgment as a matter of law [where] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. As mentioned above, Plaintiff admits that she has "<u>no evidence of any purported Christian County governmental policies</u> or customs authorizing" use of excessive force. (*See* Doc. 33, p. 4, ¶ 21; *see also* Doc. 37, p. 3, ¶ 21) (emphasis supplied.) And under *Marsh*, "only where a failure to train reflects a deliberate or conscious choice

---

[1] Plaintiff's arguments regarding (1) whether an officer told Plaintiff to turn over the camera and (2) whether there was a sound of "pain or of a body hitting a vehicle" on the I-pod recording are not relevant to the particular issue raised by the County's motion. (*See* Doc. 37, pp. 5–6.) Neither argument provides evidence that the County's alleged failure to train its officers was a deliberate or conscious choice.

5

by a government entity – a policy as defined by our prior cases – can a city be liable for such a failure under § 1983." *Marsh*, 902 F.3d at 751, n.5 (emphasis supplied).  Thus, Plaintiff lacks sufficient evidence to support an essential element of her claim, namely, she has no evidence of a County policy which caused the alleged inadequate training.  In such situations, summary judgment is proper.

### III. CONCLUSION

For these reasons, the County's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATE:  June 7, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT